UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIO CESAR BONILLA | CIVIL ACTION |
| VERSUS | NO. 21-2257 |
| BP EXPLORATION & PRODUCTION, INC., *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion by defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") to strike and exclude the medical causation opinions of plaintiff's treating medical providers for failure to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence.[1] BP argues that, while plaintiff's summary disclosures for his treating physicians comply with Rule 26(a)(2)(C), such disclosures are insufficient to permit the treating physicians to testify as experts on general causation for which an expert report would be required.[2] BP further argues that the plaintiff's summary disclosures do not identify an association in the scientific literature between the exposure and disease, nor do they provide any information on plaintiff's specific exposure response.[3] Accordingly, BP argues that the treating physicians' testimony should be limited to knowledge they gained through their treatment of plaintiff.[4] Also before the Court is BP's motion for summary judgment, in which BP argues that plaintiff cannot prove his claim without expert testimony on general causation.[5]

---

[1] R. Doc. 23.
[2] R. Doc. 23-1 at 1-10.
[3] *Id.* at 11-14.
[4] *Id.* at 14-15.
[5] R. Docs. 24; 24-1.  In its reply memorandum, BP reiterates its arguments in support of both motions.  R. Doc. 29.

1

Plaintiff Julio Cesar Bonilla responds in opposition, arguing that BP's motions should both be denied because his disclosures for his treating physicians comply with Rule 26(a)(2)(C).[6] Bonilla further argues that, to the extent the Court finds the disclosures inadequate, he should be granted a continuance to produce a proper expert report.[7]

This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010. On January 11, 2013, Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"). *See Brown v. BP Expl. & Prod. Inc.*, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019). The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who follow procedures outlined in the MSA, to sue BP for later-manifested physical conditions ("LMPC"). *Id.* Bonilla was employed as a clean-up worker for approximately three weeks in 2010.[8] On December 8, 2021, he filed this action pursuant to the MSA seeking compensation for his LMPCs of vitiligo and atopic dermatitis, which were diagnosed on May 16, 2017, and July 10, 2017, respectively.[9] During the litigation, Bonilla proffered the following treating medical providers as causation experts: Dr. Naveed Malik (cardiology), Dr. Chioma Obguefi (internal medicine), Dr. Michelle Donaldson-Bailey (podiatric surgery), Stacy Diliberto (social work), and Dr. Harold Anthony

---

[6] R. Docs. 25 at 1-3; 26 at 1-3. The motions were set for submission on September 7, 2023. R. Docs. 23-2; 24-2. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance, as to both motions, August 30, 2023. Yet, Bonilla, who is represented by counsel, filed his oppositions on September 7, 2023. Although the oppositions were not filed timely, the Court has considered them.
[7] R. Docs. 25 at 3-4; 26 at 3-5.
[8] R. Doc. 1 at 1.
[9] *Id.* at 6.

Fuselier, Jr. (urology).[10]  Bonilla provided Rule 26(a)(2)(C) summary disclosures as to each, but he did not serve any expert reports on general causation pursuant to Rule 26(a)(2)(B).[11]

Pursuant to the MSA, a plaintiff bringing a BELO lawsuit for an LMPC must prove the following elements:

> (i) The fact of the diagnosis, *i.e.* whether the class member was correctly diagnosed with the alleged LMPC;
>
> (ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;
>
> (iii) The level and duration of the class member's exposure to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities and the timing thereof;
>
> (iv) Whether the class member's alleged LMPC was legally caused by his or her exposure to oil, other hydrocarbons and other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the response activities;
>
> (v) Whether any alternative cause exists for the alleged later manifested physical condition; and
>
> (vi) The amount, if any, of compensatory damages to which the class member is entitled.

*Legros v. BP Am. Prod. Co.*, 2018 WL 4853713, at *2-3 (E.D. La. Oct. 5, 2018).  Thus, although a BELO plaintiff need not prove liability to recover damages, he or she must prove that exposure to oil or other substances legally caused his or her physical condition. *Id.* at *3.  Generally, "'when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.'"  *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *2

---

[10] R. Doc. 23-1 at 1.
[11] *Id.*

3

(E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)). Expert testimony is required to establish causation in toxic-tort cases where "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden'" of proof. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). Indeed, the Fifth Circuit has held that such evidence is required in these MSA cases. *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 434 (5th Cir. 2020).

Bonilla did not produce a proper general causation expert report – whether pursuant to Rule 26(a)(2)(B) or under the more relaxed requirements of Rule 26(a)(2)(C) – as would be required to establish that exposure to the specific chemicals in the oil or other substances with which he came in contact legally caused his medical conditions. He provides no information concerning either an identified association in the literature between exposure and disease or the harmful dose of a specific toxin necessary to cause a disease or injury in the general population. Bonilla provided only summary disclosures as to his treating medical providers, and their testimony is limited to facts they learned in the course of treating Bonilla. Thus, Bonilla cannot present the expert testimony required to prove his claim, and BP is entitled to summary judgment in its favor.[12]

Accordingly, for the foregoing reasons,

IT IS ORDERED that BP's motion to strike and exclude the medical causation opinions of Bonilla's medical providers (R. Doc. 23) is GRANTED. The treating physicians for which Bonilla provided Rule 26(a)(2)(C) summary disclosures are limited to testifying as to facts learned in the course of treatment.

---

[12] This case has been pending since 2021. Bonilla has had plenty of time to produce proper legal causation expert reports and failed to do so. Thus, a continuance at this juncture is not warranted.

IT IS FURTHER ORDERED that BP's motion for summary judgment (R. Doc. 24) is GRANTED, and Bonilla's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of September, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE